United States District Court
District of Massachusetts

```
_____
                              )
Ladefara Gem,                 )
                              )
          Plaintiff,          )
                              )
     v.                       )
                              )        Civil Action No.
Commissioner Andrew Saul,     )        19-11865-NMG
                              )
          Defendants.         )
                              )
_____ )
```

MEMORANDUM & ORDER

GORTON, J.

Pro se plaintiff Ladefara Gem ("Gem" or "plaintiff") seeks judicial review of the denial of her application for disability benefits by defendant, Andrew Saul ("the Commissioner" or "defendant"), in his official capacity as Commissioner of the Social Security Administration ("SSA"). Pending before the Court are plaintiff's motion to reverse the decision of the Commissioner, defendant's motion to affirm that decision and defendant's motions to strike plaintiff's opposition thereto. For the reasons that follow, the motions to reverse and to strike will be denied but the motion to affirm will be allowed.

I. **Background**

Gem was born on February 28, 1983. She alleges a disability onset date of September 29, 2015, at which point she

began suffering from migraines, depression, anxiety, attention deficit disorder ("ADHD") and memory loss.  Prior to that date, plaintiff completed four years of college, took law school courses, earned a marketing certificate and worked in banking and marketing.  Due to her mental health conditions, however, she contends that she is now unable to maintain steady employment which has caused her to become homeless.

In 2016, Gem filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income benefits ("SSI") under Title XVI of the Act, 42 U.S.C. § 1381 et seq.[1]  Gem's initial applications were denied in February, 2017, and, upon reconsideration, denied again in June, 2017.  In August, 2017, she filed a request for a hearing and review of the decision of the SSA, which was held before Administrative Law Judge Anthony Dziepak ("the ALJ") in February, 2019.

In denying Gem disability benefits, the ALJ applied the five-step sequential evaluation process provided in 20 C.F.R. § 404.1520(a) and, based on the fifth step, found that she was not disabled.  The test evaluates whether: 1) the claimant is

---

[1] Although plaintiff also contends that she had previously filed a disability application in May, 2014, this Court finds no support in the record for that claim and it will thus be disregarded.

engaged in a "substantial gainful activity", 2) she has a severe mental or physical impairment, 3) the impairment is equivalent to impairments identified in the relevant regulations, 4) the claimant's residual functional capacity ("RFC") is adequate for her previous work and 5) jobs exist in the economy which would be appropriate for the claim considering her RFC, age, education and work experience. 20 C.F.R. § 404.1520(a); see also Deblois v. Sec'y of Health & Human Servs., 686 F.2d 76, 79 (1st Cir. 1982).

The ALJ found that Gem had not engaged in substantial gainful activity since her alleged disability onset date and that she had severe impairments but that those impairments were not as severe as those listed in 20 C.F.R. § 404 Subpart P, Appendix 1 ("the § 404 Impairments").  At the final two steps, the ALJ concluded that Gem's Residual Functional Capacity ("RFC") was insufficient to permit her to return to her prior occupation but that she was capable of performing other jobs existing in significant numbers in the national economy.

Gem timely appealed the ALJ's decision to the Appeals Council.  That request was denied in June, 2019, rendering the ALJ's determination the final decision of the Commissioner and subject to judicial review by this Court. See Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 25 (1st Cir. 1986).  She then filed her complaint in this Court in August, 2019, alleging

that the ALJ failed to consider pertinent evidence and perform the required analysis.

## II.  **The Parties' Motions**

### A. Legal Standard

The Act gives federal district courts the authority to affirm, modify or reverse an ALJ's decision or to remand the case for a rehearing. 42 U.S.C. § 405(g).  Review pursuant to § 405(g), however, is not de novo. See Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981).  The Act provides that the findings of the Commissioner are conclusive so long as 1) they are "supported by substantial evidence" and 2) the Commissioner has applied the correct legal standard. See 42 U.S.C. § 405(g); Seavey v. Barhart, 276 F.3d 1, 9 (1st Cir. 2001).  Substantial evidence means evidence "reasonably sufficient" to support the ALJ's conclusion. See Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 184 (1st Cir. 1998).

### B. Application

Gem avers that the findings of the ALJ that 1) she does not have an impairment that meets or equals the severity of the § 404 Impairments, 2) she is able to work and perform simple tasks without difficulty and 3) there are jobs in the national economy which she can perform are unsupported by substantial

evidence in the record.[2]  After reviewing the record, this Court disagrees.

The ALJ found that Gem suffered from some severe impairments, including an affective disorder, anxiety disorder and cognitive-related disorder.  Nonetheless, at step three, the ALJ also found that the severity of Gem's impairments, either alone or in combination, did not meet or medically equal any of the § 404 Impairments.  In light of evidence showing that Gem 1) only intermittently sought treatment, 2) engaged in some part-time work and enrolled and participated in law school classes, 3) can follow written instructions and 4) is able to address some of her personal needs by, inter alia, cooking, grocery shopping, taking medications and managing money, this Court concludes that there is substantial support in the record for the ALJ's determination that plaintiff had no more than moderate limitations in any area of functioning in comparison to the § 404 Impairments.  See Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (explaining that gaps in treatment are evidence that an impairment is not as severe as alleged); Coskery v. Berryhill, 892 F.3d 1, 7 (1st Cir. 2018) (holding that the ALJ properly considered the

---

[2] Plaintiff also raises in her opposition memorandum, for the first time, due process and equal protection challenges but she fails to articulate any basis for such claims which would warrant this Court's consideration.

plaintiff's ability to engage in daily activities in finding that he was able to perform light work).

Furthermore, relying on the opinions of state agency medical consultants Stephen Kleinman, M.D., and Mary Ford Clark, Psy.D., the ALJ concluded that Gem had an RFC which enables her to perform work at all exertional levels with certain non-exertional limitations, including the ability to perform only simple, repetitive tasks.  The experts opined that, although plaintiff suffers from some cognitive difficulties, particularly with highly complex tasks, she retains the ability to manage simple cognitive demands, focus on simple tasks for two-hour intervals in an eight-hour workday and interact with others with limited public contact.

The opinions of the consultants, according to the ALJ, were independently informative and also supported by and consistent with the record as a whole, which indicates that Gem is not completely disabled.  See Berrios-Lopez v. Sec'y of Health & Human Servs., 951 F.2d 427, 431 (1st Cir. 1991) (explaining that testimony of a non-examining medical advisor can constitute substantial evidence in support of the ALJ's determination).  Because the ALJ supported his RFC calculation with detailed findings, this Court concludes that it is supported by substantial evidence in the record.

Based on his findings, the ALJ then determined that Gem was unable to return to her prior work but could perform certain simple tasks.  Because the ALJ found that Gem could not engage in her prior occupation, the burden shifted to the Commissioner to prove that a significant number of other jobs in the national economy existed which Gem could perform. See Ortiz v. Secretary of Health and Human Services, 890 F.2d 520, 524 (1st Cir. 1989). To prove that, the Commissioner need only demonstrate that such jobs exist, not that the claimant would actually be hired. Hernandez v. Weinberger, 493 F.2d 1120, 1122 (1st Cir. 1975); see Lopez Lopez v. Sec'y of Health, Educ. & Welfare, 512 F.2d 1155, 1158 (1st Cir. 1975) (holding that a claimant's actual chances of being hired is irrelevant to the step five analysis and must be disregarded); see also Torres v. Celebrezze, 349 F.2d 342, 344-45 (1st Cir. 1965) (noting that a claimant may be ineligible for disability benefits even though her impairment has left her more vulnerable to unemployment by narrowing the range of jobs she could perform and making her generally less attractive to employers).

That burden was met by the testimony of the vocational expert ("VE"), who testified that a hypothetical individual with Gem's RFC, age, education and work experience could perform the following jobs which, in total, offer more than 250,000 jobs nationally: dishwasher, mail sorter and warehouse storage

laborer.  Relying on that testimony, the ALJ concluded that other jobs existed in the national economy which Gem could perform and she was thus not disabled.[3]  Because that conclusion was based, at least in part, upon testimony of the VE, it was supported by substantial evidence and is, therefore, conclusive. See Arocho v. Sec'y of Health & Human Servs., 670 F.2d 374, 375 (1st Cir. 1982) (stating that a vocational expert's answer to a hypothetical corresponding to plaintiff's RFC may constitute substantial evidence); Sousa v. Astrue, 783 F. Supp. 2d 226, 235 (D. Mass. 2011) (noting that the opinion of a vocational expert qualifies as substantial evidence at the fifth step of the analysis).  Accordingly, the decision of the ALJ will be affirmed.

---

[3] If the claimant has solely non-exertional limitations, as here, section 204.00 in the Medical-Vocational Guidelines provides a framework for decision-making. SSR 85-15.

**ORDER**

In accordance with the foregoing:

1) plaintiff's motion for order reversing the decision of the Commissioner (Docket No. 17) is **DENIED;**

2) defendant's motion for order affirming the decision of the Commissioner (Docket No. 18) is **ALLOWED;** and

3) defendant's motions to strike (Docket Nos. 25 & 27) are **DENIED as moot.**


**So ordered.**

                              \s\ Nathaniel M. Gorton
                              Nathaniel M. Gorton
                              United States District Judge

Dated February 12, 2021